[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16064
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 23, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00225-CR-2-KOB-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN JAMAR WEEKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 23, 2010)

Before CARNES, BARKETT AND MARCUS, Circuit Judges.

PER CURIAM:

Benjamin Jamar Weeks appeals his 37-month sentence following a

conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Weeks argues that the district court erred by applying a two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(A) because the government failed to prove by a preponderance of the evidence that the firearm he possessed was stolen.

Whether the firearm in question was stolen is a finding of fact that we review only for clear error. See United States v. Walker, 490 F.3d 1282, 1299 (11th Cir. 2007). Because Weeks objected to this factual finding, the government had the burden of proving by a preponderance of the evidence that the firearm was indeed stolen. See United States v. Moriarty, 429 F.3d 1012, 1022 (11th Cir. 2005). Whether or not the court erred in finding that the government had sufficiently proved that the gun was stolen is immaterial as "it is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006) (quoting United States v. Williams, 431 F.3d 767, 773 (11th Cir. 2005) (Carnes, J., concurring)).

When (1) the district court explicitly states that it would have imposed the same sentence had it decided the guidelines issue in the defendant's favor, and (2) the sentence imposed would be reasonable even if the court had decided the

guidelines issue in the defendant's favor, we affirm the sentence. Keene, 470 F.3d at 1349. Here, the district court explicitly and unambiguously stated that it would have imposed the same sentence regardless of how it decided the guidelines issues. Under Keene, we therefore affirm Weeks's 37-month sentence if it is reasonable even without application of the § 2K2.1(b)(4)(A) enhancement.

The reasonableness of a sentence depends on whether, under the totality of the circumstances, the factors outlined in § 3553(a) support the sentence. Gall v. United States, 552 U.S. 38, 53-54 (2007). The sentence must be "sufficient, but not greater than necessary" to achieve the purposes of sentencing outlined in § 3553(a)(2), which include the need to reflect the seriousness of the offense, to afford adequate deterrence, to promote respect for the law, to provide just punishment for the offense, to protect the public, and to provide the defendant with needed educational or vocational training. 18 U.S.C. § 3553(a) and (a)(2). In addition, the sentencing court must take into account certain factors, such as the nature and circumstances of the offense and the history and characteristics of the defendant. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005); 18 U.S.C. § 3553(a)(1). We normally expect a sentence within the advisory guidelines range to be a reasonable one. See Talley, 431 F.3d at 788.

If Weeks had succeeded in persuading the court not to apply the two-level §

3

2K2.1(b)(4)(A) enhancement, Weeks's base offense level would have been 17, and, with a criminal history category of III, would have resulted in a guideline range of 30-37 months' imprisonment.  See U.S.S.G. Sentencing Table, Ch. 5, Pt. A.  Although we apply no presumption of per se reasonability to within-Guidelines sentences such as Weeks's, we ordinarily expect that such sentences are reasonable.  Talley, 431 F.3d at 787-88.

In this case, the district court found that the Weeks's 37-month sentence reflected the seriousness of the crime, the need to protect the public and provide respect for the law, and considered Weeks's rehabilitative needs.  The district court also considered Weeks's extensive criminal history, character, and background.  Given the totality of these circumstances, a 37-month sentence is not unreasonable, even if the guideline range was 30-37 months instead of 37-46 months.  See United States v. Hunt, 459 F.3d 1180, 1185 (11th Cir. 2006) (holding that a district court may determine what weight to give the guidelines so long as the sentence is made with reference to the remaining § 3553(a) factors).  Accordingly, we affirm Weeks's sentence because, even if there was a misapplication of the § 2K2.1(b)(4)(A) enhancement, "the error did not affect the district court's selection of the sentence imposed."  Keene, 470 F.3d at 1350.

**AFFIRMED.**